FILED
2026 SEP 29 03:11 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-31806-9 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| BREANNA LOUIZA TORRES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, a Delaware corporation; UNITED HEALTHCARE, a foreign corporation; OPTUM LABS, LLC, a foreign limited liability company doing business as UNITEDHEALTH GROUP RESEARCH & DEVELOPMENT; UNITED HEALTHCARE SERVICES, INC., a foreign profit corporation doing business as AIM HEALTHCARE SERVICES and INSTITUTE FOR HUMAN RESOURCES; UNITEDHEALTHCARE OF WASHINGTON, INC., a Washington profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No.<br><br>CLASS ACTION COMPLAINT |

Plaintiff Breanna Louiza Torres (`Plaintiff_ or `Torres_), individually and on behalf of all others similarly situated, by and through her undersigned counsel of record, brings this action against Defendants UnitedHealth Group Incorporated, United Healthcare, Optum Labs, LLC, United Healthcare Services, Inc., and UnitedHealthcare of Washington, Inc. (collectively `Defendants_ or `UnitedHealth Group_) and alleges, upon personal knowledge as to Torres˘ own



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

actions and Torres˜ counsel˜s investigations, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

1. This class action seeks to remedy UnitedHealth Group uniform use of noncompetition covenants against Washington employees in violation of chapter 49.62 RCW.

2. UnitedHealth Group imposed noncompetition covenants on its Washington workforce without timely written disclosure, imposed them after employment began without independent consideration, imposed them on employees whose earnings did not exceed Washington˜s annually adjusted enforceability threshold, and restricted its low-wage employees from holding second jobs or otherwise supplementing their income in violation of chapter 49.62 RCW.

3. The Washington Legislature (`Legislature_) enacted chapter 49.62 RCW, effective January 1, 2020, to facilitate workforce mobility and protect workers by prohibiting restrictive covenants that limit competition or hiring. See RCW 49.62.005; RCW 49.62.900.

4. In so doing, the Legislature found that `[w]orkforce mobility is important to economic growth and development_ and that `[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable._ RCW 49.62.005(1)-(2).

5. The Legislature defined a `noncompetition covenant_ to include `every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind._ RCW 49.62.010(4).

6. Chapter 49.62 RCW defines a `noncompetition covenant_ to include `every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind._ RCW 49.62.010(4). The definition also includes `agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer._ Id.

7. A `noncompetition covenant is void and unenforceable . . . [u]nless the employer



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

discloses the terms of the covenant in writing to the prospective employee no later than the time of the [initial oral or written [1]] acceptance of the offer of employment and, if the agreement become enforceable only at a later date due to changes in the employee˜s compensation, the employer specifically discloses that the agreement may be enforceable against the employee in the future._ RCW 49.62.020(1)(a)(i).

8. A `noncompetition covenant is void and unenforceable . . . [i]f the covenant is entered into after the commencement of employment, unless the employer provides independent consideration for the covenant._ RCW 49.62.020(1)(a)(ii).

9. Similarly, `[a]n employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed._ RCW 49.62.070(1).

10. The Washington Supreme Court has recognized that RCW 49.62.070 broadly protects economically vulnerable workers because many low-wage workers must work multiple jobs to earn a livable wage and provide for themselves and their families. See David v. Freedom Vans, LLC, 4 Wn.3d 242, 244, 253 (2025).

11. Recognizing this economic reality, the Legislature specifically intended to `broadly protect_ these economically vulnerable workers `by allowing them to secure supplemental employment within their industry._ Id. at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).

12. If an employer seeks greater control over its employees by restricting the worker˜s freedom to hold an additional job, `they have a simple solution´ pay the worker more than twice the applicable state minimum hourly wage._ Id. at 260 (Lewis, J. concurring).

13. To better protect Washington workers from unreasonable and illegal restrictive covenants, the Legislature mandated that chapter 49.62 RCW `be construed liberally for the

---

[1] The words `initial oral or written_ were not included in the January 1, 2020, version of RCW 49.62.020(1)(a)(i) but were added as part of the Legislature˜s 2024 clarifying amendments to chapter 49.62 RCW. See SSB 5935, 68th Leg., Reg. Sess. at 2-3 (Wash. 2024) (effective June 6, 2024).



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

accomplishment of its purposes._ RCW 49.62.110; see also RCW 49.62.005(3).

14. In 2024, the Legislature clarified the liberal construction mandate of chapter 49.62 RCW in response to courts `misinterpret[ing]_ the statutory provisions and `fail[ing] to embrace that the statute should be liberally construed._ S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) (`ESSB 5935 Bill Report_).

15. The Legislature clarified the importance of this liberal mandate by repeating its express requirement that courts `liberally constru[e]_ the `provisions in [chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors_ and `narrowly constru[e]_ its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024); see also David, 4 Wn.3d at 245, 247, 248-50 (applying liberal construction to RCW 49.62.070).

16. Supporters of the 2024 amendments, which clarified and therefore strengthened worker protections, highlighted the harm of noncompete clauses generally, noting that noncompete clauses `interfere with a person˜s ability to seek or accept a new job_ and `suppress wages and allow[] large companies to control workers._ ESSB 5935 Bill Report at 4.

17. UnitedHealth Group violated these protections through standardized policies and practices applicable to Plaintiff and members of the Disclosure class and Moonlighting class.

18. Torres, Disclosure class members, and Moonlighting class members seek relief under RCW 49.62.080.

## II. JURISDICTION AND VENUE

19. The Court has jurisdiction over this action pursuant to RCW 2.08.010.

20. Venue is proper in this Court pursuant to RCW 4.12.020 because the acts and omissions alleged took place, in whole or in part, in King County, Washington and pursuant to RCW 4.12.025 because Defendants transact business in King County, Washington.

## III. PARTIES

21. Plaintiff Breanna Louiza Torres resides in Pierce County, Washington and is employed by Defendants in King County, Washington.



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

22. Defendant UnitedHealth Group Incorporated is a foreign profit corporation that regularly transacts business in King County, Washington.

23. Defendant United Healthcare is a foreign corporation that regularly transacts business in King County, Washington.

24. Defendant Optum Labs, LLC is a foreign limited liability company doing business as UnitedHealth Group Research & Development that regularly transacts business in King County, Washington.

25. Defendant United Healthcare Services, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington, including at 7525 Southeast 24th Street, Suite 200, Mercer Island, Washington 98040 and 1000 2nd Avenue, Suite 3110, Seattle, Washington 98104.

26. Defendant UnitedHealthcare of Washington, Inc. is a Washington profit corporation that regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington, including at 1145 Broadway, Seattle, Washington 98122.

27. Torres is currently unaware of the true names and capacities of the Defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Torres will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Torres is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Torres and the class.

## IV. STATEMENT OF FACTS

### A. UnitedHealth Group˜s Noncompetition Covenants

28. UnitedHealth Group `is a health care and well-being company with. . . . two distinct, yet complementary businesses ´ Optum and UnitedHealthcare._ Form-10-K for UnitedHealth Group Incorporated,



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

https://www.unitedhealthgroup.com/content/dam/UHG/PDF/investors/2025/UNH-Q4-2025-Form-10-K.pdf (last visited Sept. 29, 2026).

29. UnitedHealth Group considers itself `a diversified health care company, w[hich] operate[s] in highly competitive markets across the full expanse of health care benefits and services._

30. Additionally, UnitedHealth Group considers its competition to be comprised of the following:

> Our competitors include organizations ranging from startups to highly sophisticated Fortune 50 global enterprises, for-profit and non-profit companies, and private and government-sponsored entities. New entrants to our markets and business combinations among our competitors and suppliers also contribute to a dynamic and competitive environment. We compete fundamentally on the quality and value we provide to those we serve, which can include elements such as product and service innovation; use of technology; consumer and provider engagement and satisfaction; and sales, marketing and pricing.

31. UnitedHealth Group requires its employees to read, review, attest, and comply with its policies and procedures, including those set forth in `The UnitedHealth Group Code of Conduct: Our Principles of Ethics & Integrity_ (`Code of Conduct_) and `Conflict of Interest User Guide and FAQ_ (`COI Guide_).

32. UnitedHealth Group`s Code of Conduct contains prohibitions and restraints on engaging in a lawful profession (i.e., noncompetition covenants).

33. UnitedHealth Group`s Code of Conduct states:

> Every UnitedHealth Group employee, director and contractor must ensure that [they] act with integrity in everything [they] do.
>
> . . .
>
> The UnitedHealth Group Board of Directors has adopted this Code of Conduct, which applies to all employees, directors and contractors, to provide guidelines for our decisions and behavior.
>
> . . .
>
> [Employees] must comply with this Code and all policies that apply to [them].

34. UnitedHealth Group`s Code of Conduct further states:



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

> All violations of this Code of Conduct, Company policies, contractual obligations, or laws will be taken serious and may result in discipline, up to and including termination and possible legal action.

35. Additionally, UnitedHealth Group˜s Code of Conduct states:

> Act with Integrity
>
> ¿ Recognize and address conflicts of interest.
> Conflicts can occur when your personal, financial, social or political interests or activities, or invests (or those of your immediate family) could affect or appear to affect your decision-making on behalf of UnitedHealth Group or where you objectivity could be questioned because of these interests or activities.

36. Employees must disclose, attest, sign, and submit a Conflict of Interest (`COI_) Attestation and Disclosure form and note any conflict of interest that may `affect or appear to affect [their] decision making on behalf of UnitedHealthcare or because [their] objectivity could be questioned because of those interests or activities._

37. UnitedHealth Group˜s COI Guide states:

> A conflict of interest occurs when your interests or activities, or in some cases those of your immediate family, could affect or appear to affect your decision making on behalf of UnitedHealthcare or because your objectivity could be questioned because of those interests or activities.
>
> . . .
>
> Agents, solicitors, and sales leaders contracted by UnitedHealthcare or employed by UnitedHealth group or its affiliates, who are required to disclose and attest to their conflicts of interest through the UnitedHealthcare sales operations process, must complete their COI attestation and disclosure within 90 calendar days of receipt of the email invitation to do so.
>
> Starting July 1, 2023, individuals will use an automated COI attestation and disclosure process through Sircon (sometimes referred to as PISA). . . . Individuals will receive an email invitation on the date their Party ID (PID) is issued if newly onboarding or on their PID anniversary date.
>
> . . .
>
> Promptly complete your COI attestation and disclosure after receiving the email invitation to avoid receiving reminders. At 90 calendar days after receiving the email invitation, non-employee



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

> agents (including solicitors) will receive a termination notification if their COI attestation and disclosure has not been submitted. Employees of UnitedHealth Group or its affiliates will be referred to corrective action.

38. Upon information and belief, all versions of the Code of Conduct and COI Guide in effect during the time period relevant to this complaint contain similar conflicts of interest covenants.

39. Upon information and belief, UnitedHealth Group maintains additional written covenants, oral covenants, agreements, or contracts that prohibit or restrain class members from engaging in lawful professions, trades, or businesses, as well as from accepting or transacting business with customers.

B. Facts Applicable to Torres and the Disclosure Class

40. Torres and Disclosure Class members are current and former Washington employees of UnitedHealth Group.

41. UnitedHealth Group did not provide the conflicts of interest policy, contained within the Code of Conduct, to Torres and the Disclosure Class members until after they provided the initial oral or written acceptance of the offer of employment.

42. UnitedHealth Group did not disclose the terms of the conflicts of interest policy, contained in the Code of Conduct and COI Guide, to Torres and the Disclosure Class members in writing at or before the time of the initial oral or written acceptance of the offer of employment.

43. Instead, UnitedHealth Group concealed the terms of the noncompetition covenants until on or after its employees˜ first day of work.

44. Torres and the Disclosure Class members were already employed by UnitedHealth Group at the time the Code of Conduct and COI Guide, which contained the conflicts of interest policy, was provided to them.

45. UnitedHealth Group did not provide independent consideration to Torres and Disclosure Class members for the noncompetition covenants they are subject to and that were not disclosed to them until after commencement of employment.



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ǒFax: (206) 441-9711

46. Torres and Disclosure Class members suffered and continue to suffer economic and non-economic harm and damages, including, but not limited to, lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility.

C. Facts Applicable to Torres and the Moonlighting Class.

47. Torres and the Moonlighting Class members are current and former Washington employees of UnitedHealth Group.

48. Washington's minimum wages and the earning thresholds set by RCW 49.62.070(1) during the relevant time period are as follows:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2020 | $13.50 per hour | $27.00 per hour |
| 2021 | $13.69 per hour | $27.38 per hour |
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |
| 2026 | $17.13 per hour | $34.26 per hour |

History of Washington State's Minimum Wage, WASH. STATE DEP'T OF LAB. & INDUS., https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-minimum-wage (last visited September 29, 2026); RCW 49.62.070(1).

49. Torres and the Moonlighting Class members earned less than twice the applicable state minimum hourly wage from UnitedHealth Group.

50. UnitedHealth Group's policies and procedures reflect a standard business practice designed to prevent Torres and Moonlighting Class members from having second jobs.

51. These policies and procedures are evidenced, in part, by UnitedHealth Group's Code of Conduct and COI Guide, which Torres and Moonlighting Class members were required to read, review, attest, and comply with.

52. UnitedHealth Group subjected Torres and Moonlighting Class members to one or more written or oral covenants, agreements, or contracts restricting, restraining, and prohibiting



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

53. By restricting, restraining, or prohibiting Torres and Moonlighting Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed while paying them less than twice the applicable state minimum hourly wage, UnitedHealth Group violated Torres and Moonlighting Class members˜ statutory rights under RCW 49.62.070.

54. Torres and Moonlighting Class members suffered economic and non-economic harm and damages as a result of being restricted, restrained, or prohibited from having an additional job by UnitedHealth Group, including, but not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility.

D. Facts Applicable to Torres

55. Torres is still employed by UnitedHealth Group and has been with the company since September 11, 2023.

56. On or about August 17, 2023, UnitedHealth Group sent Torres an offer letter for the remote position of `Advocate4MeRep._

57. On or about August 18, 2023, Torres electronically signed the offer letter accepting UnitedHealth Group˜s offer of employment.

58. On or about September 11, 2023, Torres reported to her first day of work with UnitedHealth Group.

59. On or after Torres˜ first day, UnitedHealth Group provided Torres with a copy of the Code of Conduct and COI Guide and informed her that she was required to read, review, attest, and comply with the policies.

60. The Code of Conduct prohibited, restrained and restricted Torres from being involved in any conflict of interest that `could affect or appear to affect [her] decision making on behalf of UnitedHealth Group or where [their] objectivity could be questioned because of these interests and activities._



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

61. The COI Guide prohibited, restrained and restricted Torres from being involved in any conflict of interest that `could affect or appear to affect [her] decision making on behalf of UnitedHealth or because [her] objectivity could be questioned because of those interests or activities._

62. UnitedHealth Group did not disclose the terms of the conflicts of interest policies contained in the Code of Conduct and COI Guide to Torres in writing at or before the time Torres accepted UnitedHealth Group`s offer of employment.

63. UnitedHealth Group did not provide independent consideration to Torres for the noncompetition covenants she was subject to, but that were not disclosed to her in writing until after her employment commenced.

64. As a result of UnitedHealth Group`s conduct, Torres suffered and continues to suffer economic and non-economic harm and damages, including, but not limited to, lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility.

## V. CLASS ACTION ALLEGATIONS

65. <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the class defined as follows:

> Disclosure Class. All current and former Washington employees of Defendants who were hired from September 29, 2020, through the date of class certification.
>
> Moonlighting Class. All current and former Washington employees of Defendants who earned less than twice the applicable state minimum hourly wage at any time from September 29, 2020, through the date of class certification.

66. Excluded from the class are Defendants and its officers and directors.

67. <u>Numerosity</u>. The number of Disclosure Class members and Moonlighting Class members exceeds 40. Therefore, it is impracticable to join all members of the Disclosure Class and Moonlighting Class as named plaintiffs.

68. <u>Commonality</u>. Because Plaintiff and all Disclosure Class members and Moonlighting Class members were subject to the same practices of Defendants, there are common



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

questions of law and fact among Plaintiff and Disclosure Class members and Plaintiff and Moonlighting Class members.

69. Typicality. Plaintiff's claims are typical of the claims of all Disclosure Class members and Moonlighting Class members and Defendants' anticipated defenses thereto. Plaintiff and Disclosure Class members and Plaintiff and Moonlighting Class members were subject were subject to the same course of conduct of Defendants.

70. Adequacy. Plaintiff will fairly and adequately protect the interests of the Disclosure Class and Moonlighting Class. There is no conflict between Plaintiff and Disclosure Class members and Moonlighting Class members. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Disclosure Class and Moonlighting Class and have the financial resources to do so.

71. Predominance. Questions of law or fact common to members of the Disclosure Class and Moonlighting Class predominate over any questions affecting only individual members.

72. Superiority. Plaintiff and the Disclose Class and Moonlighting Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful conduct. Absent a class action, most Disclosure Class members and Moonlighting Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. A class action is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.62.020(1)(a)(i)
Claim of Relief for Plaintiff and the Disclosure Class

73. Plaintiff incorporates by reference all foregoing factual allegations and realleges



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ð Fax: (206) 441-9711

them as though fully set forth herein.

74. Defendants are `employers_ as defined by RCW 49.62.010(2).

75. Plaintiff and Disclosure Class members are `employee[s]_ as defined by RCW 49.62.010(2).

76. Defendants employed Plaintiff and Disclosure Class members in Washington.

77. During their employment, Plaintiff and Disclosure Class members were subject to conflicts of interest restrictions, including those set forth in Defendants˘ Code of Conduct and COI Guide.

78. Defendants˘ conflicts of interest restrictions, including those set forth in its Code of Conduct and COI Guide, are noncompetition covenants as defined by RCW 49.62.010(4).

79. The terms of the noncompetition covenants were not disclosed to Plaintiff and class members in writing at or before the time that Plaintiff and Disclosure Class members initially accepted an offer of employment from Defendants.

80. The terms of the noncompetition covenants were not disclosed to Plaintiff and Disclosure Class members until after they accepted Defendants˘ offer of employment.

81. Defendants˘ actions and omissions violate RCW 49.62.020(1)(a)(i).

82. As a result of Defendants˘ actions and omissions, Plaintiff and Disclosure Class members have experienced economic and non-economic harm.

83. Plaintiff and Disclosure Class members are aggrieved persons under RCW 49.62.080.

## SECOND CAUSE OF ACTION
## VIOLATION OF RCW 49.62.020(1)(a)(ii)
## Claim of Relief for Plaintiff and the Disclosure Class

84. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

85. Defendants are `employers_ as defined by RCW 49.62.010(2).

86. Plaintiff and Disclosure Class members are `employee[s]_ as defined by RCW 49.62.010(2).



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

87. Defendants employed Plaintiff and Disclosure Class members in Washington.

88. During their employment, Plaintiff and Disclosure Class members were subject to conflicts of interest restrictions, including those set forth in Defendants˘ Code of Conduct and COI Guide.

89. Defendants˘ conflicts of interest restrictions, including those set forth in its Code of Conduct and COI Guide, are noncompetition covenants as defined by RCW 49.62.010(4).

90. The terms of the noncompetition covenants were not disclosed to Plaintiff and Disclosure Class members in writing at or before the time that Plaintiff and Disclosure Class members initially accepted an offer of employment from Defendants.

91. The terms of the noncompetition covenants were not disclosed to Plaintiff and Disclosure Class members until after they reported to their first day of work.

92. Defendants did not provide independent consideration to Plaintiff and Disclosure Class members for the noncompetition covenants entered into after commencement of employment.

93. Defendants˘ actions and omissions violate RCW 49.62.020(1)(a)(ii).

94. As a result of Defendants˘ actions and omissions, Plaintiff and Disclosure Class members have experienced economic and non-economic harm.

95. Plaintiff and Disclosure Class members are aggrieved persons under RCW 49.62.080.

## THIRD CAUSE OF ACTION
## VIOLATION OF RCW 19.86.020
Claim of Relief for Plaintiff, Disclosure Class, and Moonlighting Class

96. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

97. Defendants are `employers_ as defined by RCW 49.62.010(2).

98. Plaintiff and Moonlighting Class members are `employee[s]_ as defined by RCW 49.62.010(2).

99. Defendants employed Plaintiff and Moonlighting Class members in Washington.



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

100. Plaintiff and Moonlighting Class members earned less than twice the applicable state minimum hourly wage from Defendants.

101. Defendants restricted, restrained, and prohibited Plaintiff and Moonlighting Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

102. Defendants˜actions and omissions violate RCW 49.62.070.

103. As a result of Defendants˜actions and omissions, Plaintiff and Moonlighting Class members have experienced economic and non-economic harm.

104. Plaintiff and Moonlighting Class members are aggrieved persons under RCW 49.62.080.

## FOURTH CAUSE OF ACTION
## VIOLATION OF RCW 19.86.020
Claim of Relief for Plaintiff, Disclosure Class, and Moonlighting Class

105. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

106. Plaintiff, Disclosure Class members, and Moonlighting Class members are `person[s]_ within the meaning of RCW 19.86.010(1).

107. RCW 19.86.020 provides that `unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful._

108. Defendants˜failure to disclose the terms of the noncompetition covenant in writing to Plaintiff and class members until after their initial oral or written acceptance of Defendants offer of employment constitutes an unfair or deceptive practice under RCW 19.86.020.

109. Defendants withheld material information concerning a significant restriction on Brown and class members˜ future economic activity´ their ability to obtain secondary employment during their employment with Defendants´ until after Plaintiff and class members had already accepted the offer of employment.

110. Defendants˜failure to disclose the terms of the noncompetition covenant in writing to Plaintiff and class members until after their initial oral or written acceptance of Defendants



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

offer of employment was likely to mislead reasonable employees regarding the terms of their employment.

111. Defendants unlawfully induced Plaintiff and class members to accept Defendants˜ offer of employment without having the information the Legislature specifically determined must be supplied at that point. See RCW 49.62.020(1)(a)(i).

112. Defendants˜ failure to disclose material information regarding the noncompetition covenants to which Plaintiff and class members would be subject during their employment occurred in the conduct of `trade_ or `commerce_ within the meaning of RCW 19.86.010(2).

113. Defendants˜ unfair or deceptive acts described above occurred in Defendants˜ conduct of trade or commerce because Defendants routinely solicit and employ applicants from the open labor market. See In re Confidential Consumer Prot. Investigation, 21 Wn. App. 2d 520, 530 (2021); Washington v. O˜Reilly Auto Enters. LLC, 705 F. Supp. 3d 1246, 1254 (W.D. Wash. 2023).

114. Defendants˜ failure to disclose the terms of the noncompetition covenants to Brown and class members until after they accepted Defendants offer of employment is a deceptive and unfair practice that prevented Plaintiff and class members from making an informed decision regarding whether to accept the employment and undermined their bargaining power.

115. Defendants˜ restraint of trade and unfair and deceptive practices have also impacted, and continue to impact, the public interest, and contravened a specific legislative declaration of the strong public interest promoting workforce mobility and protecting employees as described in RCW 49.62.005.

116. The Washington Attorney General˜s Office has expressly recognized:

> [T]he use of non-competes may constitute an unfair method of competition or restraint of trade in violation of the State˜s Consumer Protection Act, RCW 19.86.020. The antitrust analysis is a separate basis upon which a court can find a non-compete agreement illegal.

Labor and Antitrust, WASH. STATE OFFICE OF THE ATTORNEY GENERAL, https://www.atg.wa.gov/labor-and-antitrust#non%20compete (last visited Aug. 19, 2026).



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

117. The Washington Attorney General˜s Office also noted:

> Defendant˜s unfair competition and unfair or deceptive practices described above is injurious to the public interest because it violates chapter 49.62 RCW, which contains a specific legislative declaration of public interest impact. See RCW 19.86.093(2).

118. As a result of Defendant˜s unfair competition and unfair or deceptive practices described above, Plaintiff and class members have been injured in their business or property: they have been deprived of their lawful rights; suffered suppression of their wages, bargaining power, and earning capacity; suffered informational injury; and been deprived of compensation owed' the independent consideration owed to them for entering into the noncompetition covenants after the commencement of employment. See Ruiz Torres v. Mercer Canyons Inc., 835 F.3d 1125, 1135 (9th Cir. 2016); RCW 49.62.020(1)(a)(ii).

119. RCW 19.86.090 provides that `[a]ny person who is injured in his or her business or property by a violation of RCW 19.86.020, . . . may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney˜s fee._

120. RCW 19.86.090 further provides that the Court may award treble damages within its discretion up to $25,000.

## VII. REQUEST FOR RELIEF

121. Plaintiff, individually and on behalf of members of the Disclosure Class and Moonlighting Class, requests that the Court enter judgment against Defendants as follows:

a. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff˜s counsel as Class Counsel;

b. Actual damages or statutory damages of $5,000, whichever is greater, to Plaintiff and each Disclosure Class member and Moonlighting Class member for each violation of RCW 49.62.020 pursuant to RCW 49.62.080;

c. Treble actual damages of up to $25,000 to Plaintiff and each class member for each violation of RCW 19.86.020 pursuant to RCW 19.86.090;



EMERY |REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 ðFax: (206) 441-9711

d. Attorneys˜ fees, expenses, and costs pursuant to RCW 49.62.080 and RCW 19.86.090, or as otherwise provided;

e. Pre- and post-judgment interest;

f. Equitable relief in the form of reforming, rewriting, modifying, or only partially enforcing the noncompetition covenants Plaintiff, Disclosure Class members, and Moonlighting Class members are subject to;

g. Judgment declaring that the noncompetition covenants are void and unenforceable as to Plaintiff and Disclosure class members pursuant to RCW 49.62.020(1)(a)(i);

h. Judgment declaring that the noncompetition covenants are void and unenforceable as to Plaintiff and Disclosure class members pursuant to RCW 49.62.020(1)(a)(ii);

i. Leave to amend this complaint to conform to the evidence; and

j. Any additional or further relief the Court deems equitable, appropriate, or just.

DATED September 29, 2026.

EMERY |REDDY, PC

By: /s/ Timothy W. Emery

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery |Reddy, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

Attorneys for Plaintiff Breanna Louiza Torres